IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OLEKSIY ANATOLIEVITCH REVA, | ) |
| Plaintiff, | ) |
| vs. | ) Civ. No. 18-00273 ACK-KSC |
| NCL PRIDE OF AMERICA, LLC, | ) |
| Defendant. | ) |

**ORDER CONSTRUING PLAINTIFF'S "MOTION FOR DISMISSAL" AS A NOTICE OF DISMISSAL**

For the reasons discussed below, the Court hereby construes Plaintiff's "Motion for Dismissal," ECF No. 18, as a notice of dismissal, and directs the Clerk of Court to enter it as such and dismiss the action without prejudice.

**BACKGROUND**

Plaintiff Oleksiy A. Reva ("Plaintiff"), *pro se*, filed an action in Hawai`i state court on June 5, 2018, asserting therein claims against Defendant NCL Pride of America, LLC ("Defendant") arising under both federal and state law. See generally ECF No. 1-2. On July 11, 2018, Defendant removed the case to federal court. ECF No. 1. Plaintiff filed a motion for transfer of venue on August 6, 2018, ECF No. 6, and Defendant submitted a memorandum in opposition on August 28, 2018, ECF No. 10. Following a September 18, 2018 hearing, Magistrate Judge Chang issued on September 19, 2018 findings and a recommendation

1

that the Plaintiff's motion for transfer of venue be denied. ECF No. 14.

Appearing by telephone at the September 24, 2018 Rule 16 scheduling conference, see ECF No. 16, Plaintiff requested to dismiss his case, ECF No. 17.  Magistrate Judge Chang directed Plaintiff to submit a letter in writing, which the Court would consider and on which the Court would rule.  Id.  A submission entitled "Motion for Dismissal" followed.  ECF No. 18.

Defendant has filed neither an answer nor a motion for summary judgment in this action.

## **DISCUSSION**

A plaintiff has an absolute right to dismiss his action by filing a notice of dismissal "at any time before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i); see also Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir.1997). "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).  "[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1078 (9th Cir. 1999).

"A document filed *pro se* is 'to be liberally construed[.]'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Recognizing that Plaintiff is proceeding *pro se*, the Court construes his Motion for Dismissal as a notice of dismissal, the filing of which is Plaintiff's right at this stage in the litigation. See Turner v. Porter, No. 1:16-CV-00542-GSA-PC, 2018 WL 1109684, at *1 (E.D. Cal. Mar. 1, 2018) (construing *pro se* plaintiff's motion for voluntary dismissal as a notice of dismissal); Scott v. Garcia, No. C 05-0868 MMC (PR), 2006 WL 708575, at *1 (N.D. Cal. Mar. 17, 2006) (same); Randle v. Sarfan, No. C 93-1927 VRW, 1994 WL 36907, at *1 (N.D. Cal. Jan. 26, 1994) (same).

## **CONCLUSION**

It is hereby ORDERED that: (1) Plaintiff's notice of dismissal is effective as of the date it was filed; (2) the action is DISMISSED in its entirety without prejudice; and (3) the Clerk of Court is directed to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(i).

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, October 9, 2018.



_____
Alan C. Kay
Sr. United States District Judge

Reva v. NCL Pride of America, LLC, Civ. No. 18-00273, Order Construing Plaintiff's Motion for Dismissal as a Notice of Dismissal.